UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| *In Re:* ) | |
| MICHAEL ELDON WRIGHT, and ) | |
| SHERRY LEE WRIGHT a.k.a. ) | |
| SHERRY DION-WRIGHT ) | |
| ) | |
| Debtor, ) | |
| ) | |
| SHERRY DION-WRIGHT, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:05-CV-222 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| TSSA ASSOCIATION f.k.a. TENNESSEE ) | |
| STATE SOCCER ASSOCIATION; MANNY ) | |
| SANCHEZ AND KATIE PULLIAM, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M**

Before the Court is a Joint Motion to Withdraw Reference Established by Standing Order of District Court (Court File No. 1), accompanied by a supporting memorandum (Court File No. 2). For the following reasons, the Court will **GRANT** the motion.

**I.   RELEVANT FACTS**

Plaintiff Sherry Dion-Wright ("Plaintiff") has sued Defendants TSSA Association, f.k.a. Tennessee State Soccer Association, Manny Sanchez, and Katie Pulliam ("Defendants") under 11 U.S.C. § 525(b) alleging Defendants discriminated against her because she filed bankruptcy (Court

File No. 3, Exh. 3, Amended Complaint). Plaintiff in her complaint requests a jury trial on her claim. Although Defendants contemplated filing a motion to strike the jury demand, the parties came to an agreement to request a withdrawal of the reference to Bankruptcy Court and proceed with a jury trial in District Court. The United States Court for the Eastern District of Tennessee has referred all proceedings arising under Title 11 to the Bankruptcy Court by Standing Order of July 11, 1984. However, the parties do not consent to the case being conducted by a bankruptcy judge before a jury. On this ground alone, Defendants move the Court to withdraw the reference.

**II.     DISCUSSION**

Federal district courts have jurisdiction over civil proceedings related to cases under Title 11 of the United States Code. 28 U.S.C. § 1334(b). District courts may refer to bankruptcy courts "any or all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). However, "[i]f the right to a jury trial applies in a proceeding that may be heard . . . by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the *express consent* of all the parties." 28 U.S.C. § 157(e).

Once a matter is referred to the bankruptcy court, "[t]he district court *may withdraw*, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, *for cause shown*. 28 U.S.C. § 157(d) (emphasis added).

The parties' motion does not allege the Court must withdraw the reference under sentence two of Section 157(d); rather, the motion seeks a "discretionary or permissive" withdrawal under sentence one of Section 157(d), which can only be granted "for cause shown." *Disbursing Agent*

*of Murray F. Hardesty Estate (In re Hardesty)*, 190 B.R. 653, 654 (D. Kan. 1995). The movant bears the burden of demonstrating "cause." *NDEP Corp. v. Handl-It Inc. (In re NDEP Corp.)*, 203 B.R. 905, 907 (D. Del. 1996).

Although Section 157 does not define "cause," courts have developed several considerations for determining its contours. Among these considerations are (1) uniformity in bankruptcy administration; (2) guarding against forum shopping; (3) the economical use of parties' resources; (4) judicial economy and efficiency; (5) expediting the bankruptcy process; (6) a court's knowledge of the facts; (7) whether the claim is a core or non-core proceeding; (8) whether the claim is legal or equitable; and (9) whether the parties have requested a jury trial. *See In re NDEP Corp.* 203 B.R. at 907-08; *In re Seatrain Lines, Inc.*, 198 B.R. 45, 49 (S.D.N.Y. 1996); *In re Hardesty*, 190 B.R. at 654; *In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D. Ohio 1990). Some courts reason only "truly exceptional and compelling circumstances" warrant a withdrawal of reference. *In re: Onyx Motor Car Corp.*, 116 B.R. at 91. No particular factor is dispositive, and "[e]ven if cause exists, there is no mandate that the reference *must* be withdrawn." 1 *Collier on Bankruptcy*, ¶ 3.04[1][b] (Matthew Bender 15th Ed. Revised 1996); *see also* 11 U.S.C. § 157(d) (noting district courts "may withdraw" the reference).[1]

After consideration of the above listed factors which may be used in determining "cause," the Court concludes withdrawal of the reference is warranted. Weighing heavily in the Court's analysis of this proceeding is Plaintiffs' demand for a jury trial, to which Plaintiffs are

---

[1] The decision not to withdraw the reference is not a final order appealable under 28 U.S.C. § 1291. *See In re: Frees*, No. 94-2238, 78 F.3d 578 (Table), 1996 WL 90451, at p. *1 (4th Cir. Feb. 13, 1996); *In re: Chateaugay Corp.*, 826 F.2d 1177, 1179-80 (2d Cir.1987); *Packerland Packing Co. v. Griffith Brokerage Co.* (*In re: Kemble*), 776 F.2d 802, 806 (9th Cir.1985).

3

constitutionally entitled. Courts have generally held the right to a jury trial constitutes sufficient "cause" to withdraw the reference in cases where there is a right to a jury trial, a timely demand has been made, and there is no mutual consent to trial before the bankruptcy court. *See e.g.*, *In re NDEP Corp.*, 203 B.R. at 914 (withdrawal "compelled" because the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and court has not made a special designation of jurisdiction, thus bankruptcy court not statutorily empowered to hold a jury trial); *In re Hardesty*, 190 B.R. at 655 ("Sufficient cause for withdrawal of reference exists where the adversary proceeding concerns matters for which there is a right to a jury trial, a timely demand for a jury trial, and no mutual consent to trial before the bankruptcy court). Additionally, because the case is in its earliest stages (the bankruptcy court has ruled only on Defendants Manny Sanchez and Katie Pulliam's motion to dismiss), judicial economy will not be thwarted by the withdrawal of reference.

In reaching this conclusion, the Court does not intend to issue blanket approval of all motions to withdraw the reference simply because a jury demand has been made, or to suggest judicial economy is always best served by withdrawal of the reference. Indeed, "[a] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme." *Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992). However, in view of Plaintiffs' request for a jury trial and both parties' refusal to consent to the bankruptcy court's jurisdiction, judicial economy is best served by litigating this adversarial proceeding in this Court. Accordingly, the Court will **GRANT** the Joint Motion to Withdraw Reference Established by Standing Order of District Court (Court File No. 1).

### III. CONCLUSION

Consideration of a number of factors, including Plaintiffs' request for a jury trial and judicial efficiency lead the Court to conclude withdrawal of the reference is appropriate in this case. Therefore the Court will **GRANT** the parties' joint motion (Court File No. 1).

An Order shall enter.

                                                            **/s/**
                                          **CURTIS L. COLLIER**
                          **UNITED STATES DISTRICT JUDGE**